**In re AMWAY CORPORATION, Petitioner.**

**No. 78–1900.**

United States Court of Appeals, Fifth Circuit.

Sept. 5, 1978.

Weaver & Weaver, Dianne J. Weaver, Ben J. Weaver, Fort Lauderdale, Fla., for appellant.

Joseph B. Bergen, John J. Sullivan, Savannah, Ga., for appellee.

Before BROWN, Chief Judge, COLEMAN and VANCE, Circuit Judges.

PER CURIAM:

This petition for writ of prohibition and/or mandamus to the United States District Court for the Southern District of Florida arises out of a dispute concerning a settlement agreement. We have been pro-

vided with record excerpts and argumentative materials by both parties. Further briefs and oral arguments are unnecessary. We find that the petition is due to be granted to the extent hereinafter set forth.

The plaintiff, Sam W. Rahal, was the captain of a yacht owned by defendant, Amway Corporation. He sustained injury during December, 1974, and brought suit for Amway's negligence and for the unseaworthiness of the vessel. The issue of liability was tried before a jury which returned a verdict on five special interrogatories on November 23, 1976. The jury found: (1) that Amway was not negligent; (2) that the vessel was unseaworthy; (3) that plaintiff was contributorily negligent; (4) that such contributory negligence proximately contributed to plaintiff's injury to the extent of 90%; and (5) that plaintiff had opportunity to make necessary repairs to the ladder on which he was injured and failed to do so.

Prior to the commencement of trial on the issue of damages the parties reached an agreement which was presented in open court on February 3, 1978. It called for payment by Amway of $20,000 and the giving of a letter of recommendation. As to what was being settled the transcript of that proceeding reflects the following colloquy:

MRS. WEAVER: On behalf of my client, Amway Corporation, I want to be sure, Your Honor, whatever the Court enters in this Court, having been involved in Jones Act cases before, sets forth this is a final settlement of any and all claims of any nature whatsoever. If the surgery comes out bad later, this is a full and final settlement of any claims he might have against Amway and/or the Vessel "ENTERPRISE", as a result of that.

THE COURT: Is that your understanding of it?

MR. BERGEN: It had to be, if we are going to perfect a settlement.

THE COURT: Captain Rahal, do you understand it that way, too?

CAPTAIN RAHAL: Yes, Your Honor.

THE COURT: Let's call the jury out and we will send them home.

The court entered an order of dismissal dated February 16, 1978.

When payment was tendered to Captain Rahal by Amway it was accompanied by a general release which he refused to sign. Amway refused to make payment without a release. This prompted a flurry of motions, cross motions and other filings which ultimately resulted in presentation to this court of this petition.

At the heart of the controversy is Rahal's contention that although he represented to the court that he understood he was settling "any and all claims of any nature whatsoever," he only meant that he was settling those claims then before the court. Rahal maintains that he has a wholly separate claim for maintenance and cure and that this separate claim was unaffected by settlement of the prior case.[1]

On April 13, 1978 in response to plaintiff's motion to enforce settlement the district court entered an order which stated, in part:

Upon consideration of the record the court finds that defendant in good faith negotiated a settlement which was to include any and all claims arising out of this lawsuit, including damages for past and future medical expenses and lost wages. It is clear from the record in this cause that it was the parties' understanding at the time settlement was announced in open court that the settlement would end all present and future litigation. If as plaintiff asserts he "knew all along" and defendant "knew all along" that a claim for maintenance and cure would be made, then the claim should have been specifically excluded from the settlement agreement at the time it was announced to the court. Counsel's failure

---

1. The district court's memorandum opinion of June 30, 1977 recited that in addition to claiming under the Jones Act, "the general maritime law" plaintiff was "seeking damages, maintenance and cure . . . ."

to do so in a manner totally misleading to defendant precludes plaintiff from now seeking to assert this claim in a separate suit. To hold otherwise would allow plaintiff to escape the clear import of the settlement agreement through the back door of pleading technicalities, and would be grossly unfair and unjust to the defendant under the circumstances of this case.

Accordingly, it is

ORDERED AND ADJUDGED that defendant's motion for enforcement of the settlement agreement is hereby granted and the $20,000 tendered by defendant shall constitute satisfaction of any and all claims against Amway Corporation now and in the future, it being

FURTHER ORDERED AND ADJUDGED that plaintiffs request for specific performance is hereby denied.

DONE AND ORDERED this __13__ day of __April__ 1978.

In some manner which escapes this court's understanding, the meaning and effect of the district court's very clear—and we think correct—finding were lost on plaintiff's counsel. He persisted, and now persists, in exactly the same position, *i. e.,* that Rahal is entitled to be paid without signing any release and that he fully intends to proceed with a second claim for maintenance and cure.

On April 21, 1978 without any hearing the lower court entered the following order:

THIS CAUSE is before the court on plaintiff's motion to enforce this courts order of April 13, 1978.

UPON consideration of the record in this cause, it is

ORDERED AND ADJUDGED that plaintiff's motion is hereby granted and defendant Amway Corporation is hereby ordered to pay plaintiff the sum of $20,-000.00 as settlement of all claims arising out of plaintiff's accident and to provide plaintiff with a letter of recommendation as agreed under the terms of the settlement, it being

FURTHER ORDERED AND ADJUDGED that plaintiff shall not be required to sign a release inasmuch as this court's order of April 13, 1978 constitutes an adjudication as to any future claims against Amway Corporation arising out of this litigation.

DONE AND ORDERED this __21__ day of __April__ 1978.

It was this and subsequent orders that prompted the petition which is now before us. We are fully sympathetic with what we perceive to be the trial judge's desire to put an end to this unseemly bickering, but we disagree that defendant should be placed in the position which would result from the action required by the order of April 21, 1978.

Absent any judgment or release, defendant's only protection from future claims is the April 13, 1978 order. Defendant points out that the conclusive effect of such order is at least subject to question. It complains that it should not be required to place its entire reliance thereon in the face of the already expressed contention of plaintiff that the order does not bar his claim for maintenance and cure and the certainty of a second suit by plaintiff. We agree.

The district court's order of April 21, 1978 is modified so that as modified the last paragraph of the same shall provide:

FURTHER ORDERED AND ADJUDGED that the check or draft utilized for such payment may bear the following on its reverse side above the place for endorsement: "In full payment of any and all claims of any nature whatsoever arising out of or connected with payee's injury on the vessel 'Enterprise.' Without limiting the foregoing, endorsement hereof by the payee shall constitute acknowledgement of payment for and release of all claims, matters and things referred to in the Order of the United States District Court for the Southern District of Florida dated April 13, 1978 in Case No. FL–75–384–Civ–NCR."

Unless plaintiff is willing to accept payment in compliance with his agreement we perceive no justification for requiring payment by defendant.

WRIT GRANTED, ORDER MODIFIED AND CASE REMANDED.